IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DIOP KAMAU and,**
**TYRA RASMUS (a.k.a. TYRA FERRELL),**

    Plaintiffs,

vs.                              Case No. 4:11cv522-RH/CAS

**GREGORY ALAN SLATE,**
**THERESA JOHNSON,**
**GEOFFREY JOHNSON,**
**and JONATHAN JOHNSON,**

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION[1]

In response to Plaintiffs' second amended complaint, doc. 67, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim. Doc. 69. Plaintiffs have filed a response in opposition to the motion, doc. 71, which addresses only the issue of bad faith and not the merits of the motion to dismiss. Indeed, Plaintiffs state that they "have reviewed the Defendant's

---

[1] The first report and recommendation, doc. 61, was adopted, doc. 62, and Defendant Tyler Johnson was dismissed from this action, the claims against the remaining defendants were dismissed in part, but Plaintiffs were granted leave to file an amended complaint. The second amended complaint, doc. 67, was filed on January 3, 2013.

motion and have chosen not to offer a response since Defendants motion is a repeat of previous arguments already addressed in this Court by the Plaintiffs." Doc. 71 at 2. All parties in this case proceed pro se.

**Standard of Review**

In reviewing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted, the court must consider whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that dismissal should not be ordered unless it appears beyond doubt that plaintiff could prove "no set of facts" in support of his claims which would entitle him to relief). The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65. Thus, for a complaint to survive a motion to dismiss, it must contain either direct or inferential factual allegations concerning "all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001) (citing

references omitted). Claims lacking merit may be dealt with through summary judgment under Rule 56. Swierkiewicz, 122 S.Ct. at 998-999.

A court must accept the factual allegations of the complaint as true, Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.[2]

**Subject matter jurisdiction**

Plaintiffs alleged four state law claims[3] against the Defendants and, thus, jurisdiction is necessarily founded upon the Court's diversity jurisdiction as provided for

---

[2] In the Order which directed Plaintiffs to respond to the motion to dismiss, the parties were advised that matters outside the pleadings would not be considered. Doc. 70. Defendants attached extraneous documents to the motion to dismiss, doc. 69, but those documents were not reviewed. E.E.O.C. v. Reno, 758 F.2d 581, 583 n.6 (11th Cir. 1985).

[3] Claim one is for defamation against Defendants Slate and Theresa Johnson only, doc. 67 at 8-11; claim two is against the same two Defendants for injurious falsehood and trade libel, doc. 67 at 11-13; claim three is against Defendant Slate only for theft, doc. 67 at 13-15; and claim four is against all Defendants for the intentional infliction of emotional distress, *Id.* at 15-17.

in 28 U.S.C. § 1332(a)(1). Defendants contend the case should be dismissed for lack of subject matter jurisdiction. Doc. 69 at 2-4. Defendants assert that Plaintiffs "imply, but do not explicitly state" that this action is premised upon diversity jurisdiction because the complaint states that Plaintiffs and Defendants are citizens of different states. Doc. 69 at 2-3. Defendants contend that Plaintiffs fail to assert that the amount in controversy is greater than the $75,000 threshold requirement. *Id.* at 3. In fact, Plaintiffs allege in the complaint that the amount of damages is "currently unknown but will be proven at trial." Doc. 67 at 10.

A district court has original jurisdiction over cases in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States. 28 U.S.C. § 1332(a). In this case, the parties are of diverse citizenship. The only jurisdictional issue is the amount in controversy.

This same argument was raised in the prior motion to dismiss and upon review of that version of the complaint, it was concluded that subject matter existed. However, in the original version of the complaint, doc. 1, Plaintiffs alleged that prior to the acts of Defendant Slate complained of in this case, Plaintiff Kamau earned approximately $25,000.00 to $50,000.00 per year conducting law enforcement training. Doc. 1 at 20, ¶67. That amount was accepted as true.[4] It was also accepted as true that Plaintiff Kamau lost important contracts due to interference with his business relationships. Noting that a plaintiff is permitted to aggregate claims against a defendant when calculating the jurisdictional minimum, it was found that subject matter jurisdiction

---

[4] As noted above, Plaintiffs' facts must be accepted as true in ruling on a motion to dismiss. Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005)

Case No. 4:11cv522-RH/CAS

existed. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 585, 125 S.Ct. 2611, 2635, 162 L.Ed.2d 502 (2005) (stating "that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated."), citing Edwards v. Bates Cnty., 163 U.S. 269, 273, 16 S.Ct. 967, 41 L.Ed. 155 (1896); Nationwide Mut. Co. v. Ft. Myers Total Rehab Center, Inc., 657 F.Supp.2d 1279, 1286 (M.D. Fla. 2009).

In the second amended complaint, however, Plaintiffs do not allege the monetary amounts they earned prior to the conduct alleged by Defendants. Plaintiffs allege only that the Defendants' actions "caused irreparable harm to the Plaintiffs business and reputation." Doc. 67 at 7. Plaintiffs contend the "damage and harm caused" to their "business and reputation are irreparable." Id. at 8. Plaintiff Tyra Rasmus alleges that she "has been prevented from returning to her career as an actor for the last five years now." Id. Plaintiffs allege they have "suffered actual and consequential damages, including but not limited to damages to [ ] reputation." Id. at 10. The undisputable fact remains, however, that the amount of the damages "is currently unknown." Id.

"The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590 (1938). "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul, 303 U.S. at

288, 58 S.Ct. at 590.[5]  "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  Id. at 289, 58 S.Ct. at 590.  A legal certainty cannot be determined, however, when a complaint provides no allegations concerning the jurisdictional amount.  Any computation would be pure speculation.

"It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).  "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."  Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).  Moreover, a conclusory allegation that the "jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient" to meet the burden of establishing federal court jurisdiction.  Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001).  While this issue typically arises in removal cases where the burden is on the defendant, the standard is not altered depending on which party has the burden.  McNutt, 298 U.S. at 189, 56 S.Ct. at 785[6] (stating, "the court may demand that the party

---

[5] "In St. Paul Mercury, the plaintiff originally alleged damages above the jurisdictional amount in state court but amended the complaint in federal court to state less than the required amount."  De Aguilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir. 1995).  "The Court held that the subsequent amendment could not strip the federal court of jurisdiction, provided that the original claim for damages was made in good faith."  Id.

[6]  The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met.  They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor.  He must allege in his pleading the facts essential to show

alleging jurisdiction justify his allegations by a preponderance of evidence."). Here, Plaintiffs did not allege sufficient facts in the second amended complaint to establish federal court jurisdiction. Plaintiffs alleged only that there is diversity because Defendants are citizens of different states, but that is only half of the requirement. Plaintiffs provide no basis for determining the amount in controversy, asserting only that the amount of damages is unknown. Doc. 67 at 10. The complaint's allegations are insufficient on their face. Courts may not engage in conjecture, speculation, or judicial star gazing to determine jurisdiction. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010), citing to Northup Props., Inc. v. Chesapeake Appalachia, L.L.C., 567 F.3d 767, 770-71 (6th Cir. 2009) (concluding that the defendant's affidavits were specific enough to prevent the determination of the amount in controversy "from becoming a matter of judicial star-gazing").

    Notwithstanding the failure to allege the requisite jurisdictional amount, Defendants explicitly raised this issue in the motion to dismiss. Plaintiffs were on notice of the need to demonstrate the jurisdictional amount and chose not to respond. When a defendant challenges the jurisdictional amount in controversy, the burden is squarely placed on the shoulders of the plaintiff to show by a preponderance of the evidence that the jurisdictional requirements have been met. McNutt, 298 U.S. at 189, 56 S.Ct. at 785 (holding that if a plaintiff's "allegations of jurisdictional facts are challenged by his

---

    jurisdiction. If he fails to make the necessary allegations he has no standing.

McNutt, 298 U.S. at 189, 56 S.Ct. at 785.

Case No. 4:11cv522-RH/CAS

adversary in any appropriate manner, he must support them by competent proof."); *see also* Lowery, 483 F.3d at 1210.

Because parties may neither consent to nor waive subject matter jurisdiction, *see* Simon v. Wal–Mart, 193 F.3d 848, 850 (5th Cir. 1999), it must be shown that jurisdiction exists. Where challenged, a plaintiff must support the jurisdictional allegation with facts establishing the amount in controversy. St. Paul, 303 U.S. at 287 n.10, *citing* McNutt, *supra*. Here, Plaintiffs were put to the challenge to show the $75,000.00 jurisdictional minimum amount. Plaintiffs did not respond to the motion to dismiss with any facts which address whether this Court has subject matter jurisdiction. Because it is not apparent that the amount in controversy prong of § 1332 is met, the motion to dismiss for lack of subject matter jurisdiction should be granted. As the entire case is disposed on this basis, the remaining arguments of the Defendants need not be addressed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 69, be **GRANTED** and the second amended complaint, doc. 67, be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on April 4, 2013.

       S/    Charles A. Stampelos
      **CHARLES A. STAMPELOS**
      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.